## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMAL CHAPMAN,

    Petitioner,

    v.

JEFF NINES, and THE ATTORNEY
GENERAL OF THE STATE OF
MARYLAND,

    Respondents.

Civil Action No.:  ELH-22-3136

### MEMORANDUM

Jamal Chapman filed a habeas corpus Petition pursuant to 28 U.S.C. § 2254, challenging the legality of his 2013 convictions for first degree murder and related gun charges in the Circuit Court for Baltimore City.  ECF 1. The State responded.  ECF 6.  It also provided the "State Record," consisting of about 285 pages.  ECF 7-1.

The Petition is ready for resolution and no hearing is necessary.  *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000).  For the reasons that follow, I shall deny and dismiss the Petition as untimely.  And, a certificate of appealability shall not issue.

### I. Background

Chapman was tried by a jury in the Circuit Court for Baltimore City with regard to a murder that occurred in June 2010.  ECF 6-1 at 77-78.  On April 5, 2013, he was convicted of several offenses:  first degree murder; use of a handgun in a crime of violence; wearing, carrying or transporting a handgun; and possession of a handgun by a prohibited person.  ECF 6-1 at 4-5, 16-

17.[1]    On April 4, 2014, the Circuit Court sentenced Chapman to life imprisonment plus a consecutive term of 20 years. *Id.* at 4, 40, 203. Shortly thereafter, on May 1, 2014, Chapman's trial counsel filed a Motion for Modification of Sentence. *Id.* at 20.

Chapman appealed to the Court of Special Appeals, now known as the Appellate Court of Maryland.  *Id.* at 20, 71-150.[2] On July 27, 2015, the court issued an opinion affirming the convictions and sentence. *Id.* at 205-240. The Maryland Court of Appeals, now known as the Supreme Court of Maryland, denied Chapman's petition for a writ of certiorari on October 19, 2015. *Id.* at 242-274. Thereafter, on May 31, 2016, the United States Supreme Court subsequently denied Chapman's petition for a writ of certiorari on May 31, 2016. *Id.* at 275.

On December 15, 2014, Chapman filed a Writ of Actual Innocence, which was summarily dismissed on December 24, 2014. *Id.* at 21-22. Chapman filed a second Writ of Actual Innocence on December 1, 2015, and it was summarily dismissed on January 13, 2016. *Id.* at 23-24. On June 10, 2016, Chapman filed a pro se Motion for Modification of Sentence. *Id.* at 24.

Chapman filed a Petition for Postconviction relief with the Circuit Court for Baltimore City on October 6, 2016.  *Id.* at 24.  He later dismissed it, without prejudice, on November 23, 2016. *Id.* at 25-26.

On January 7, 2018, the Circuit Court entered an order denying Chapman's Motion for Modification of Sentence. *Id.* at 26. The docket refers to Chapman's "Supplemental Motion for

---

[1] Two previous jury trials ended in mistrial. ECF 6-1 at 14-17.

[2] At the time Chapman's case was litigated in the Maryland state courts, the Appellate Court of Maryland was called the "Court of Special Appeals" and the Supreme Court of Maryland was called the "Court of Appeals."  In the general election of November 8, 2022, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals to the Supreme Court of Maryland.  The Court of Special Appeals was renamed the Appellate Court of Maryland.  The name change took effect on December 14, 2022.  But, I shall refer to the courts by the names in effect at the relevant time.

Modification or Reduction." *Id.* But, it is unclear whether the order denied only Chapman's pro se motion filed on June 10, 2016, or also denied his counseled Motion for Modification of Sentence, filed on May 1, 2014.

Nearly two years after this docket entry, on December 6, 2019, Chapman again filed a Petition for Postconviction relief. *Id.* at 26. The postconviction court denied Chapman's petition on August 24, 2021. *Id.* at 32. Chapman sought leave to appeal the denial of his postconviction petition. *Id*. at 276. It was denied by the Court of Special Appeals on February 2, 2022. *Id.* at 285-86. The mandate issued on March 7, 2022. *Id.* at 287.

On December 1, 2022, Chapman filed the pending Petition in this Court, asserting six challenges to his sentence. ECF 1. Chapman alleges: (1) his trial counsel was ineffective for failing to object to improper voir dire questions (*id.* at 9-10); (2) his trial counsel was ineffective for failing to object to the admission of "other crimes" evidence (*id.* at 10-11); (3) his trial counsel was ineffective for failing to object to the prosecutor's improper closing argument (*id.* at 11-12); (4) introduction of improper "other crimes" evidence constituted prosecutorial misconduct (*id*. at 12); (5) the trial court erred by asking improper voir dire questions (*id.* at 12); and (6) the errors were cumulative. *Id.* at 12.[3]   Because the Petition is untimely, it must be dismissed without reaching its merits.

## II. Discussion

In general, 28 U.S.C. § 2244(d)(1) provides for a one-year period of limitation for a petition for writ of habeas corpus seeking relief from a state court judgment. Of relevance here, the limitation period "run[s] from the latest of—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

---

[3] The claims have been rephrased for clarity.

§ 2244(d)(1)(A).  But, § 2244(d)(2) expressly excludes from that one-year calculation "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending. . . ."

In this case, the one-year limitations period for filing for federal habeas relief runs from the date on which the judgment became final by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Chapman unsuccessfully appealed his conviction through the Maryland state courts.  Direct review concluded when the United States Supreme Court denied his petition for a writ of certiorari on May 31, 2016.

But, the statute of limitations was tolled even before Chapman's sentence became final, when his counsel filed a Motion for Modification of Sentence on May 1, 2014. *See Mitchell v. Green*, 922 F.3d 187 (4th. Cir. 2019) (holding that Md. Rule 4-345, providing for reconsideration of sentence, tolls the one-year statute of limitations in § 2244(d)). However, it is unclear from the record exactly how long this motion tolled the statute of limitations. This is because Chapman filed a second, pro se, Motion for Modification of Sentence on June 10, 2016. And, the record does not indicate whether the Circuit Court addressed both motions when it issued its denial order on January 7, 2018.[4] In any event, the Court need not answer this question because the option that is the most favorable to Chapman still does not result in a timely Petition.[5]

---

[4] Without a copy of the order, the Court cannot conclude that both motions were denied on January 7, 2018.  The docket sheet, alone, does not clarify the matter.  And, the State failed to include a copy of the Order in the State Record.

[5] For the same reason, the Court does not need to address the Respondent's argument that the Circuit Court issued its denial order on January 3, 2018, instead of January 7, 2018. *See* ECF 6 at 17-18.

The most favorable scenario to Chapman is to assume that the Circuit Court only resolved the pro se Motion for Modification of Sentence when it issued the denial order on January 7, 2018.[6] This would mean that, pursuant to the terms of Md. Rule 4-345, the Motion for Modification of Sentence filed by counsel on May 1, 2014, remained pending and tolled limitations for five years, or until May 1, 2019.[7]

Two hundred nineteen (219) days passed from May 1, 2019, until December 6, 2019, when Chapman filed his petition for post-conviction relief. This postconviction petition tolled the limitation period until March 7, 2022, when the Court of Special Appeals issued its mandate on the denial of his application for leave to appeal.  *See* 28 U.S.C. § 2244(d)(2). An additional two hundred sixty-nine (269) days passed until Chapman filed his federal habeas Petition. Accordingly, because this total time of four hundred eighty-eight (488) days exceeds the one-year limitations period, the Petition must be denied and dismissed as untimely, unless there are grounds for equitable tolling.

Equitable tolling may apply in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  To be entitled to equitable tolling, a petitioner must establish that delay

---

[6] The other scenario is to assume that the order of January 7, 2018, denied both pending motions for modification of sentence. In this event, the statute of limitations would not have been tolled for six hundred ninety-eight days until Chapman filed his postconviction petition on December 6, 2019. After conclusion of his postconviction review on appeal, the statute of limitations would not have been tolled for another two hundred sixty-nine days until Chapman filed his federal habeas Petition.

[7] A five-year limit on the court's authority to modify a sentence was added to the Rule, effective July 1, 2004. *Tasker v. Maryland*, AW-11-1869, 2013 WL 425040, at *3 (D. Md. Jan. 31, 2013), *aff'd,* 517 F. App'x 172 (4th Cir. 2013), and *abrogated by Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2021).

in filing the petition resulted from respondents' wrongful conduct or other extraordinary circumstances beyond petitioner's control. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where ... gross injustice would result" absent the Court's intervention. *Id.*

By Order of May 5, 2025, the Court directed Chapman to provide the Court with "information regarding his entitlement to equitable tolling . . . ." ECF 8. Chapman responded. ECF 9. But, he did not provide the Court with a viable argument for equitable tolling. *Id.* He asked the Court "to excuse the good faith of a petitioner as a non-lawyer filing pro se. . . ." *Id.* at 2. He also contends that he has shown a "fundamental miscarriage of justice. . ." *Id.* The fact that a prisoner lacks legal training is insufficient to warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law is not a basis for equitable tolling).

Chapman has failed to demonstrate that equitable tolling is warranted. Therefore, the Court must deny and dismiss the Petition as untimely.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Chapman has not demonstrated that a certificate of appealability is warranted, and so the Court shall not issue one. However, Chapman is entitled to ask the United States Court of Appeals

for the Fourth Circuit to issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, I shall deny and dismiss Chapman's Petition for writ of habeas corpus. And, I decline to issue a COA.

A separate Order follows.

<u>September 15, 2025</u>                                    <u>        /s/                 </u>
Date                                                              Ellen L. Hollander
                                                                  United States District Judge

7